**The BROWN SCHOOLS, INC. d/b/a The Oaks Treatment Center, Plaintiff,**

**v.**

**FLORIDA POWER CORPORATION, The Florida Power Corporation Employee Benefit Plan, and Aetna Life Insurance Company, Defendants.**

**Civ. No. A–92–CA–251.**

United States District Court,
W.D. Texas,
Austin Division.

Oct. 5, 1992.

Mark Douglas Herbert, Thomas D. Hollaway, Sullins, Johnston, Rohrbach & Magers, Houston, Tex., for plaintiff.

Richard D. Milvenan, Vinson & Elkins, Austin, Tex., Marylin E. Culp, Carlton, Field, Ward, Emmanuel, Tampa, Fla., John Bruce Shely, Rosemarie Donnelly, Andrews & Kurth, L.L.P., Houston, Tex., for defendants.

## ORDER

SPARKS, District Judge.

Before the Court are Defendants Florida Power Corporation ("FPC") and the Florida Power Corporation Employee Benefit Plan's ("the Plan") Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) and Motion to Dismiss Pursuant to 29 U.S.C. § 1132(e)(2) and to Dismiss Counts I through V with prejudice, reasserted in their Rule 10(c) Motion, filed September 17, 1992. Also before the Court is Defendant Aetna Life Insurance Company's Motion to Dismiss Pursuant to Rule 12(b), filed June 12, 1992. Having reviewed these motions, Plaintiff's Responses, the file, and applicable law, the Court determines that venue is improper in this district under 29 U.S.C. § 1132(e) and also that venue in the Middle District of Florida is proper and more convenient. Therefore, the Court will transfer venue to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406.

## BACKGROUND

Plaintiff's First Amended Complaint contains two causes of action, equitable estoppel and a claim for ERISA benefits under 29 U.S.C. § 1132.[1] These claims are based on the Defendant Plan's failure to pay for all of the services received by Sandra Ord, the daughter of an FPC employee, while a resident patient at Plaintiff's hospital in Texas. Sandra Ord and her father are Florida residents, as are FPC and the Plan.

On April 19, 1990, Sandra Ord was admitted to Plaintiff's hospital for in-patient treatment. On that same day, Mr. Ord, the policy holder under the Plan, assigned his rights to benefits under the Plan to Plaintiff. On June 25, 1990, the Ords were informed that after July 1, 1990, the Plan would no longer pay for Sandra Ord's treatment as it had been determined that such treatment was no longer medically necessary. *See* Exhibit B to Supplemental Affidavit of Robert L. Hoke in Support of the Motion to Dismiss and Motion to Transfer, filed June 15, 1992. Sandra Ord continued to receive in-patient treatment at Plaintiff's hospital until January 21, 1991; however, Plaintiff only received payment for Sandra Ord's treatment from April 19, 1990, through July 1, 1990.

In its complaint, Plaintiff asserts that prior to Sandra Ord's admission, an Aetna representative represented to Plaintiff that Sandra Ord "was covered under their plan" and that "benefits under the terms of The Plan for treatment of Sandra Ord's conditions were payable at the rate of eighty percent (80%) until the patient had incurred $1,500.00 in out-of-pocket expense, then The Plan would pay at one hundred percent (100%) thereafter, with no maximum benefit." Plaintiff's First Amended Complaint, para. 11. Thus, Plaintiff's contend that Defendants are equitably estopped from denying benefits for Sandra Ord's treatment and that Plaintiff is entitled to recover the complete costs for Ms. Ord's treatment under the Plan. *Id.* at para.'s 17 & 18–22.

In their motions to dismiss, Defendants argue Plaintiff's state law causes of action, now reduced to a claim for equitable estoppel, are preempted under the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"); venue is improper under ERISA (29 U.S.C. § 1132(e)); and Plaintiff has failed to state a claim for relief against Defendant Aetna.

On August 20, 1992, this Court held a hearing to consider Defendants' motions, at which time the Court gave the Plaintiff an opportunity to amend its complaint and file affidavits in support of its contention that venue is proper in the Western District of Texas. The Court also invited counsel for the Defendants to respond to Plaintiff's amended complaint once filed by way of a letter brief. The parties have complied. Plaintiff filed an amended complaint on August 27, 1992, and Defendants have responded thereto.

## VENUE

### A. *Venue under 29 U.S.C. § 1132(e)*

Plaintiff, a Texas corporation with offices in Travis County, Texas, filed suit in this Court alleging that jurisdiction and venue are proper under 29 U.S.C. § 1132(e)(2) because "the breach of contract complained of herein occurred in this district." Plaintiff's First Amended Complaint, para. 5. Section 1132(e)(2) allows an ERISA action to "be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found...." As the Plan is administered in Florida and none of the Defendants reside or may be found in Texas, the place of the breach provision is Plaintiff's only potential source for venue in Texas.

Plaintiff alleges that the breach "took place" in the Western District of Texas because an Aetna representative allegedly represented to the Oaks that Sandra Ord's hospitalization was covered as alleged in

---

**1.** In its original complaint Plaintiff alleged the following causes of action: (1) unfair and deceptive trade practices, (2) breach of contract, (3) breach of the duty of good faith and fair dealing, (4) negligence and negligent misrepresentation, (5) equitable estoppel, and (6) claim for ERISA benefits pursuant to 29 U.S.C. § 1132.

Plaintiff's complaint and presumably because payments under the Plan were actually sent to Plaintiff in Texas. *See* Plaintiff's First Amended Complaint, para.'s 11.

■ Generally, the place of breach of an ERISA plan under 29 U.S.C. § 1132 is where the recipient of benefits "actually acquires his due," i.e., receives payment of benefits, *see Wallace v. American Petrofina, Inc.*, 659 F.Supp. 829, 832 (E.D.Tex. 1987), or where the decision to deny benefits is made. *See Helder v. Hitachi Power Tools, USA Ltd.*, 764 F.Supp. 93, 95 (E.D.Mich.1991); *McFarland v. Yegen*, 699 F.Supp. 10, 13 (D.N.H.1988). However, breach of a fiduciary duty, as opposed to the plan itself, takes place "where the defendants commit or fail to commit the actions their duties require." *McFarland*, 699 F.Supp. at 13 (Plaintiffs did *"not* allege that they were not given the benefits due them ... [r]ather, they allege[d] that disloyal conduct of the defendant caused the [ERISA plan] to lose most of its value). Thus, in this case, if Plaintiff has a cause of action against Aetna for equitable estoppel or receipt of benefits under 29 U.S.C. 1132, the breach may have taken place in Texas.

In order to determine if venue is proper, the Court must first decide if Plaintiff's equitable estoppel cause of action is preempted. If so, Aetna's alleged misrepresentation to Plaintiff could not itself be considered a "breach", and therefore, could not be considered a basis for venue under 29 U.S.C. § 1132(e). Second, if Plaintiff's cause of action for equitable estoppel is preempted, the Court must determine if the fact "benefits" under the Plan were sent directly to Plaintiff in Texas under the assignment means the alleged breach of the Plan took place in Texas for purposes of ERISA's venue provision.

### 1. *Preemption of Equitable Estoppel Claim*

The Fifth Circuit has held that equitable estoppel, except in instances regarding interpretation of ambiguities within a written ERISA plan, is preempted under ERISA. *See e.g., Williams v. Bridgestone/Fire-stone, Inc.*, 954 F.2d 1070, 1072–73 (5th Cir.1992); *Rodrigue v. Western & Southern Life Ins. Co.*, 948 F.2d 969, 971 (5th Cir.1991); *Hermann Hospital v. MEBA Medical & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir.1988) (*"Hermann I"*). However, whether or not a health care provider who is an assignee of ERISA rights can assert ERISA causes of action as an assignee *and* assert a state cause of action for equitable estoppel as an independent health care provider is an open, and somewhat confused, question in the Fifth Circuit at this time.

In *Hermann I*, a hospital (Hermann) brought state and ERISA claims (including a claim of equitable estoppel) against MEBA, an ERISA plan, after MEBA delayed approval (or denial) for two years despite an MEBA representative's verification of the assignor's coverage at the time the assignor entered the hospital and assigned her rights to Hermann. *Hermann*, 845 F.2d at 1286–87. The Fifth Circuit held that Hermann had "no standing as a 'non-enumerated party' to pursue an action described in § 1132(a)" and that Hermann's state causes of action, including equitable estoppel, breach of contract, and fraud, were preempted. *Id.* at 1289–90. "Adopting Hermann's position would allow parties that lacked standing [e.g., health care providers] to sue under ERISA to circumvent its enforcement provisions by filing suit in state courts under state law." *Id.* The Fifth Circuit stood by this holding in its decision in "Hermann II." *See Hermann Hosp. v. MEBA Medical & Benefits Plan*, 959 F.2d 569, 577–79 (5th Cir.1992) (*"Hermann II"*).

However, in a similar case, *Memorial Hospital System v. Northbrook Life Ins. Co.*, decided after *Hermann I* but before *Hermann II*, the Fifth Circuit held that a hospital in its independent status could maintain a state cause of action for negligent misrepresentation under article 21.21 of the Texas Insurance Code in addition to its ERISA claims brought as assignee of ERISA plan benefits. *Memorial*, 904 F.2d 236, 250 (5th Cir.1990). In *Memorial*, the hospital relied on the representation of a

representative of the assignor's employer that the assignor was covered, and stated that "it would not have extended treatment to her without such an assurance of payment." *Id.* at 238. Despite this representation, the administrator of the ERISA plan ultimately denied coverage under a preexisting condition clause in the insurance policy. *Id.*

Contrasted with its holding in Hermann I, the Fifth Circuit held that Memorial's article 21.21 claim (basically a claim for negligent misrepresentation) was not preempted because

> Memorial neither seeks benefits from the plan nor claims that the plan acted improperly in processing and denying Memorial's claim. The claim is thus independent of the plan's actual obligations under the terms of the insurance policy and in no way seeks to modify those obligations. Rather, Memorial seeks damages from an insurance company and its alleged agent, claiming that, had it not been for negligent misrepresentations of coverage, Memorial would not have accepted the financial risk of providing medical treatment....

*Id.* at 250 (citations omitted).

The apparent reason for the discrepancy between the cases is that in *Memorial* there was *no* ERISA coverage and therefore the hospital would have "no recourse under either ERISA or state law" if the hospital's state law claims were preempted, *see id.* at 246–47, whereas in the *Hermann* cases, ERISA coverage existed but was allegedly improperly denied. *See Hermann II*, 959 F.2d at 577–79; *see also Hermann I*, 845 F.2d at 1290. A further distinction, perhaps, is that the hospital in the *Hermann* cases asserted "standing to sue either as a "non-enumerated party" under 29 U.S.C. § 1132(a) or as an assignee of the rights of ... an enumerated party ...," *Hermann I*, 845 F.2d at 1287, whereas in *Memorial*, the Fifth Circuit determined the hospital's article 21.21 claim was brought in its independent status, not under 29 U.S.C. § 1132. *See Memorial*, 904 F.2d at 250.

Plaintiff asserts in its Response to Defendants' Motion to Dismiss that its claims for negligent misrepresentation and violations of the Texas Insurance Code were brought in its status as an independent third-party health care provider and thus are not preempted under *Memorial*. *See* Plaintiff's Response, at 2–4 (June 19, 1992). Presumably, Plaintiff also contends its claim for equitable estoppel is an independent action. Despite Plaintiff's characterization as such, the Court finds that *Hermann I* and *Hermann II* are controlling in this case.

■ Plaintiff's claim for equitable estoppel is related to the Plan and is preempted under 29 U.S.C. § 1144(a). As in the *Hermann* cases, Plaintiff's claim for relief under the theory of equitable estoppel is based upon its belief that Defendants failed to pay benefits under the Plan, which Plaintiff, as assignee, is entitled to receive. Specifically, Plaintiff alleges

> that the Defendants' conduct ... constitutes equitable estoppel to *denial of medical plan benefits* for the medical treatment of Sandra Ord.

Plaintiff's First Amended Complaint, para. 17 (emphasis added). Unlike the beneficiary in *Memorial*, there is no dispute that Sandra Ord was covered under the Plan. In fact, Plaintiff was partially paid for Sandra Ord's treatment.

Allowing Plaintiff to maintain a cause of action for equitable estoppel would potentially allow it to modify or expand the rights Mr. Ord would have held under the Plan had he not assigned them to Plaintiff, something which Mr. Ord himself could not do. Allowing Plaintiff to assert state law claims which would otherwise be preempted under ERISA could also altogether defeat the purposes of ERISA in cases involving medical coverage as beneficiaries could simply always assign their rights to medical providers, who would then not be bound by the preemption provision of ERISA. This Court does not believe that was the intent of the Fifth Circuit in *Memorial*. Rather, it appears the Fifth Circuit's primary intent in *Memorial* was to allow a medical provider to seek recovery in a case

where ERISA coverage was not available at all and thus recovery under ERISA as an assignee was simply not possible.

The apparent goal of the Fifth Circuit's holding in *Memorial* is not furthered in this case as Plaintiff may pursue recovery as an assignee under an ERISA plan which provides at least some coverage to Sandra Ord. Furthermore, the Fifth Circuit may not have allowed the hospital in *Memorial* to maintain a claim for equitable estoppel in its status as an independent health care provider anyway. In a footnote in *Memorial,* the Court noted that Defendants had not filed a notice of appeal of the district court's finding that ERISA did not preempt Memorial's state law claims for negligent misrepresentation and equitable estoppel and therefore the Court did not have jurisdiction over those issues. *Memorial,* 904 F.2d at 239 n. 2. Nonetheless, the Court stated that Memorial's claim "that 'Defendants' conduct further constitutes equitable estoppel to policy coverage of insurance' ... appears to be a claim for plan benefits, which, under the court's analysis, should be preempted as relating to an ERISA plan." *Id.* Thus, the holding of *Memorial* would not necessarily be dispositive even if the facts of this case were more analogous to *Memorial* than to the *Hermann* cases.

For the reasons stated above, the Court finds that Plaintiff's cause of action for equitable estoppel is not an independent cause of action unrelated to ERISA, but is derivative of Mr. Ord's rights as a policyholder under the Plan, which were assigned to Plaintiff, and is preempted under 29 U.S.C. § 1144.

### 2. *Place of Breach of the ERISA Plan*

■ Because Plaintiff's cause of action for equitable estoppel is preempted, venue can only be proper in the Western District of Texas if the alleged breach of the Plan under Plaintiff's second cause of action for civil enforcement pursuant to 29 U.S.C. § 1132 took place in this district. Furthermore, although Plaintiff alleges that Defendants' improper denial of benefits under the Plan is a breach of fiduciary duty, such

conduct is really better described as a breach of the Plan. *See McFarland,* 699 F.Supp. at 13. As discussed above, a breach of an ERISA plan takes place where the beneficiary was to receive benefits or where the decision regarding payment was made. *See Wallace,* 659 F.Supp. at 832; *Helder,* 764 F.Supp. at 95. Because a decision to deny benefits was made in Florida where the Plan is administered, venue in Texas is only proper if Plaintiff's receipt of payments in Texas is sufficient to cause the termination of those payments to be considered a breach occurring in Texas.

Certainly if Plaintiff was the policyholder entitled to receive benefits under the Plan, payments received by it in Texas would suffice to bestow venue in Texas under these circumstances. However, Plaintiff is simply an assignee entitled to receive directly all benefits which Mr. Ord would be entitled to receive for the payment of his daughter's treatment. Nor were any of the Defendants a party to that assignment which was signed only by James Ord.

Because an assignee "stands in the shoes" of the assignor and "may pursue only whatever rights [the assignor] enjoyed under the terms of the plan," the Court determines that for purposes of venue under 29 U.S.C. § 1132(e) the breach "took place" in Florida where the policyholder Mr. Ord resided and would have received benefits had he not assigned his right to such benefits to Plaintiff. *See Memorial,* 904 F.2d 250. Were the Court to rule otherwise, employers, ERISA plans, and plan administrators would be subject to defending suits in inconvenient venues nationwide whenever a policyholder unilaterally assigned his or her benefits under a plan. Not only would this result be unfair to such defendants, but it could deter ERISA plans and administrators from approving necessary medical treatment for beneficiaries in foreign venues. When Plaintiff accepted Mr. Ord's assignment of benefits, it assumed Plaintiff's location for purposes of ERISA venue as well.

### B. *Transfer of Venue Under 28 U.S.C. § 1404(a)*

■ Section 1404(a) of the United States Code, Title 28, allows a district court to

transfer a civil action to another district where the action could have been brought "[f]or the convenience of parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404. In this case, all witnesses with knowledge about the Plan's provisions and proper interpretation thereof are located in Florida. Agents of the Defendants involved in this lawsuit are located in Florida. The policyholder, Mr. Ord, who assigned his rights to benefits to Plaintiff, and Sandra Ord are residents of Florida. Sandra Ord's prior treating physicians are located in Florida. The only witnesses residing in Texas are those witnesses affiliated with Plaintiff's hospital who may testify as to the medical necessity of Sandra Ord's continued treatment. In addition, because the Florida witnesses are located more than 100 miles from the Western District of Texas, they are not within this Court's subpoena power. Maintenance of this lawsuit in the Middle District of Florida will be far more convenient for almost all of the parties and witnesses involved in this case.

### C. *Conclusion*

Plaintiff's claim for equitable estoppel is preempted under 29 U.S.C. § 1144. Furthermore, venue is improper in the Western District of Texas under 29 U.S.C. § 1132(e) and is proper and more convenient in the Middle District of Florida. Therefore, the Court enters the following orders:

IT IS ORDERED that Defendants' Motion to Dismiss Pursuant to 29 U.S.C. § 1132(e)(2) and to Dismiss Counts One Through Five With Prejudice, and Defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404(a), filed May 26, 1992 are GRANTED IN PART, and DENIED AS MOOT IN PART, as described in the following orders.

IT IS FURTHER ORDERED that Count One of Plaintiff's First Amended Complaint (equitable estoppel) is DISMISSED.

IT IS FURTHER ORDERED that the above-styled and numbered cause, A–92–CA–251 is TRANSFERRED to the Middle

District of Florida, Tampa Division, pursuant to 28 U.S.C. §§ 1404(a) and 1406.