**The OAKS PSYCHIATRIC HOSPITAL, INC. d/b/a The Oaks Treatment Center, Plaintiff,**

v.

**AMERICAN HERITAGE LIFE INSURANCE COMPANY, Defendant.**

**No. A 92 CA 654.**

United States District Court, W.D. Texas, Austin Division.

Jan. 22, 1993.

Dennis K. Powell, Powell & Jackson, no pro hac vice, Houston, TX, for plaintiff.

Andrew G. Jubinsky, Figari & Davenport, Dallas, TX, for defendant.

## ORDER

SPARKS, District Judge.

Before the Court is Defendant's Motion to Dismiss, filed November 30, 1992. Having considered this motion, Plaintiff's Response, filed December 18, 1992, and the pleadings in this cause, the Court finds Defendant's motion is meritorious and should be granted and further finds that all of Plaintiff's causes of action, not merely those enumerated in Defendant's Motion to Dismiss, are preempted by the Employee Retirement Income Security Act ("ERISA").

1. Defendant only asked that Plaintiff's claims for breach of contract, breach of the duty of good

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, the Oaks Psychiatric Hospital, Inc. d/b/a the Oaks Treatment Center ("the Oaks" or "Plaintiff"), rendered in-house medical services to Matthew Goode ("Matthew") from March 15, 1990 until his discharge on April 1, 1991. According to Plaintiff, an employee of Defendant confirmed and verified the extent of Matthew's coverage under Gloria Auvenshine's (Matthew's mother) policy with Defendant prior to Matthew's admittance to the Oaks. On March 15, 1990, Ms. Auvenshine assigned her benefits under her policy to the Oaks. Defendant paid a portion of the $325,635.06 billed to Matthew's account, but, according to Plaintiff, still owes $201,712.82.

Seeking to recover the unpaid $202,712.82, the Oaks filed suit in the 345th Judicial District Court, Travis County, Texas, on October 26, 1992. According to the Oaks, Defendant misrepresented the amount of coverage it would provide for Matthew's treatment, and, as a result, the Oaks incurred substantial damages. In its original petition, the Oaks alleges the following causes of action: (1) negligent verification and misrepresentation; (2) breach of common law duty of good faith; (3) breach of contract; (4) promissory estoppel; (5) violation of Texas Insurance Code Article 21.21 § 4(1); and violation of the Texas Business and Commerce Code § 17.46 ("DTPA violation").

On November 23, 1992, Defendant removed the suit to the United States District Court of the Western District of Texas, Austin Division on the grounds that Plaintiff's claims all relate to an employee benefit plan and are, therefore, covered by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See Notice of Removal,* at 1, para. 2 (Nov. 23, 1992) (citing *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)) (remaining citations omitted).

Accordingly, on November 30, 1992, Defendant filed its motion to dismiss on the grounds that Plaintiff's causes of action are preempted by ERISA.[1] *See* 29 U.S.C.

faith, promissory estoppel, and attorneys' fees be dismissed.

§ 1144(a) (1985). Plaintiff filed its response to Defendant's motion to dismiss on December 18, 1992, in which it did not contest the existence of an ERISA plan,[2] Matthew Goode's coverage under that plan, or preemption of its claims for breach of common law duty of good faith, breach of contract, and promissory estoppel. Rather, Plaintiff only argued that its claims for negligent verification and misrepresentation, violations of article 21.21, and violations of the DTPA were not preempted under ERISA.

## II. ERISA PREEMPTION

■ ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan...." *See* 29 U.S.C. § 1144(a). "The term 'State law' includes all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." *Id.* § 1144(c). Accordingly, the Supreme Court and Fifth Circuit Court of Appeals have held claims based in tort, contract, and equity and statutory causes of action preempted under ERISA. *See e.g., Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 62, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987) (citing *Pilot Life Ins. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987)) (common law contract and tort claims preempted); *Williams v. Bridgestone/Firestone, Inc.,* 954 F.2d 1070, 1072–73 (5th Cir.1992) (equitable estoppel preempted); *Hermann Hospital v. MEBA Medical & Benefits Plan,* 845 F.2d 1286, 1290 (5th Cir.1988) ("Hermann I") (breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud preempted); *Hogan v. Kraft Foods,* 969 F.2d 142, 144–45 (5th Cir. 1992) (Texas DTPA and breach of duty of good faith and fair dealing preempted); *Ramirez v. Inter-Continental Hotels,* 890 F.2d 760, 763–64 (5th Cir.1989) (violations of article 21.21 of Texas Insurance Code preempted). Thus, it is clear that *all* of Plaintiff's causes of action in this case would, without question, be preempted under ERISA if they had been brought by Gloria Auvenshine or Matthew Goode.

■ The Oaks, however, argues that it is an independent health care provider not covered under ERISA and that its claims for negligent verification and misrepresentation, violation of article 21.21 of the Texas Insurance Code, and violation of the Texas DTPA are not sufficiently related to an ERISA plan to warrant preemption. *See Plaintiff's Response to Defendant's Motion to Dismiss,* at 4–5, 7 (Dec. 18, 1992) (citing *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236 (5th Cir.1990). The Oaks argues that finding these causes of actions preempted would shield welfare plan fiduciaries "from the consequences of their deceptive and misleading conduct toward non-ERISA participants ... and would undermine the purpose of ERISA in promoting the interests of employees and their beneficiaries." *Id.* at 8. In addition, the Oaks states "[i]f health care providers have no effective recourse under either ERISA or state law against plans which wrongfully deny health benefit claims, providers will be reluctant to accept the risk of non-payment and may require up-front payment from plan beneficiaries before offering treatment." *Id.* at 2.

■ This issue has already been decided by this Court. In *Brown Schools, Inc. v. Florida Power Corporation,* 806 F.Supp. 146 (W.D.Tex.1992), this Court held that when, as here, payments have been made under the ERISA plan to the provider, so that the extent of, but not existence of, coverage was in dispute, a provider which had been assigned the beneficiary's benefits under the ERISA plan could pursue claims under ERISA, but not under state law. *See id.* at 150–51; *see also Hermann Hosp. v. MEBA Medical & Benefits Plan,* 959 F.2d 569, 576 (5th Cir.1992) ("Hermann II") (hospital assigned beneficiary's benefits under ERISA plan has standing to sue under ERISA); *Psychiatric Inst. of Wash., D.C., Inc. v. Wells,* 1992 WL 237368, at *3 (D.D.C. Aug. 31, 1992) (all claims of provider who was assigned beneficiary's benefits—in contract, in tort, and in equity—were preempted by

---

**2.** In any case, the copy of Winn Dixie's (Ms. Auvenshine's employer) benefits program, attached as an exhibit to an affidavit attached to Defendant's Motion to Dismiss, leaves no room for dispute that Ms. Auvenshine's insurance policy with Defendant is maintained under Winn Dixie's employee welfare benefit plan, an ERISA plan. *See* 29 U.S.C. § 1002(1) (1985).

ERISA). This holding promotes, not defeats, Congress's intent in passing ERISA. As previously stated by this Court,

> [a]llowing Plaintiff to assert state law claims which would otherwise be preempted under ERISA could ... altogether defeat the purposes of ERISA in cases involving medical coverage as beneficiaries could simply always assign their rights to medical providers, who would then not be bound by the preemption provision of ERISA. This Court does not believe that was the intent of the Fifth Circuit in *Memorial.*

*Brown,* 806 F.Supp. at 150; *see also Hermann I,* 845 F.2d at 1290.

Furthermore, Plaintiff's analogy of its situation to that of Memorial Hospital is inapposite as in *Memorial* the beneficiary whose benefits had been assigned to Memorial Hospital was not covered by the ERISA plan at all. Thus, standing in the shoes of its assignor/beneficiary, Memorial could not sue under ERISA and would have been denied any avenue of relief had all of its state claims been preempted. *See Brown,* 806 F.Supp. at 150–51; *see Memorial* 904 F.2d at 246–47. Plaintiff's avenues for recourse, however, are not cut off entirely, rather Plaintiff is limited to the same means of recovery under ERISA available to Gloria Auvenshine, who assigned her benefits to Plaintiff.

### III. CONCLUSION

Plaintiff's causes of action are all related to an ERISA plan. Plaintiff as assignee of the benefits under the ERISA plan can sue Defendant under ERISA, but cannot assert claims unavailable to the ERISA beneficiary/assignor who assigned those rights to Plaintiff. Therefore, because ERISA preempts each of the state causes of action brought by Plaintiff, and because Plaintiff has not asserted a claim under ERISA, this Court has no subject matter jurisdiction and so enters the following orders:

IT IS ORDERED that Defendant's Motion to Dismiss is GRANTED.

IT IS FURTHER ORDERED that ALL causes of action in the above-styled and numbered case are DISMISSED.

IT IS FINALLY ORDERED that Plaintiff has ten (10) days from the date this order is filed to file an amended complaint including a claim under ERISA.