**Dr. Peter LAFURIA**

**v.**

**LOUISIANA HEALTH SERVICE INDEMNITY CO., d/b/a Blue Cross/ Blue Shield of Louisiana.**

**Civ. A. No. 93–0624.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

July 15, 1993.

Stephen A. Berniard, Jr., Lake Charles, LA, for plaintiff.

Michael Jessie McNulty, III, Lake Charles, LA, for defendant.

## MEMORANDUM DECISION

EDWIN F. HUNTER, Jr., Senior District Judge.

Plaintiff instituted this suit in the City Court of Lake Charles, Louisiana for medical services in the amount of $3,000. The issue is whether the case was properly removed to this Court. The complaint in the City Court did not plead a federal cause of action. Normally, that should be the end of our inquiry. But, in an area of complete pre-emption, if the true gravamen of the action is a federal claim, plaintiff could not avoid pre-emption by not alleging it.

Blue Cross had issued a group health policy to Turner Industries, Ltd. Defendant argues that this is an "employee welfare benefit plan" as defined under 29 U.S.C. § 1002 of the Employee Retirement Income Security Act of 1974 (ERISA).

Additionally, defendant alleges that Dr. LaFuria is in fact a person claiming benefits under an "employment welfare benefit plan" and seeking recovery of insurance benefits under the terms of the policy of said plan, and that all of his claims under state law are pre-empted under ERISA.

Plaintiff, Dr. Peter LaFuria, argues that Blue Cross' policy is in fact not governed under the laws of ERISA, that plaintiff's causes of action are not pre-empted by

ERISA, and that the proper course of action for this Court to take would be a remand to Lake Charles City Court.

### PLAINTIFF'S CLAIM UNDER STATE LAW IS NOT PRE–EMPTED BY ERISA

■ ERISA, through the "enabling act", pre-empts all state laws that are inconsistent with ERISA and relate to an employee benefit plan. See ERISA § 514(a), 29 U.S.C.A. § 1144(a) (West 1985). However, we cannot ignore the "savings clause", in which Congress has stated that "ERISA was not intended to supersede state laws which regulate insurance, banking and securities". See ERISA Section 514(b)(2)(A) 29 U.S.C.A. § 1144(b)(2)(A). The savings clause preserves the rights to states given by the McCarran–Ferguson Act, to regulate, among other things, the business of insurance and securities. *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 48, 107 S.Ct. 1549, 1553, 95 L.Ed.2d 39 (1987). The "savings clause", and associated enabling act read:

a) Section 514, except as provided in this subsection (b) of this section, the provisions of this subchapter and subchapter 3 of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employment benefit plan described in Section 4(a) [29 USCA § 1003(a) ] of this title and not exempt under § 4(B) [29 USC § 1003(b) of this chapter

... 29 § 1144(b)(2)(A) except as provided in subsection B, nothing in this subchapter shall be construed to exempt or relieve any person from any law of any state which regulates insurance, banking, or securities.

Section 514 of ERISA is essentially the "enabling act" with (b)(2)(A) being the "saving clause", which specifically exempts state laws which regulate insurance, banking or securities. The "saving clause" exempts from ERISA pre-emption those state laws that regulate insurance. *Metropolitan Life Ins.*

*Co. v. Mass.,* 471 U.S. 724, 724, 105 S.Ct. 2380, 2381, 85 L.Ed.2d 728, 730 (1985). Blue Cross is subject to the insurance, banking and securities laws of the State of Louisiana. See *Soniat v. Traveler's Ins. Co.,* 538 So.2d 210 (La.1989) and *Gahn v. Allstate Life Ins. Co.,* 926 F.2d 1449 (5th Cir.1991).

■ Dr. LaFuria argues that his cause of action is based only on state laws La.R.S. 9:4752; La.R.S. 9:4753; La.R.S. 4754 of the Louisiana Commercial Code regulating securities; and that the laws regulate insurance as well. Essentially La.R.S. 9:4752 provides that a health care provider has a lien against the total amount of any recovery or sum collected or to be collected, whether by judgment, settlement, or compromise, from another person on the account of injuries for which the individual was treated for; or upon the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person. These provisions which create, as a matter of law, his lien and assignment on the proceeds from the insurance contract are granted under Louisiana law which deals with securities in the security section of the Louisiana Commercial Code, and we believe are exempt from pre-emption of ERISA under the "savings clause" of the act. Plaintiff's cause of action is also based on a provision regulating insurance. These laws meet the three McCarren/Ferguson criteria as set out in *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), and are consistent to the overall comprehensive civil enforcement scheme of ERISA. They are not pre-empted. *Cramer v. Association Life Ins. Co.,* 569 So.2d 533 (La.1990).

Quite clearly, there must be a point beyond which ERISA was not designed to reach. The inescapable conclusion is that plaintiff's cause of action, is at best, only remotely related to the employee benefit plan.

■ Absent diversity and/or jurisdictional amount, federal question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiffs' properly pleaded com-

plaint. *Gully v. First National Bank,* 299 U.S. 109, 112–13, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936).

There are two types of suits that can be brought against ERISA plans, to-wit: Civil enforcement actions by participants and beneficiaries and run-of-the-mill state law claims. *Mackey v. Lanier,* 486 U.S. 825, 832–33, 108 S.Ct. 2182, 2186, 100 L.Ed.2d 836 (1988). Run-of-the-mill claims against an insurer are not in themselves ERISA claims in the sense that federal law creates a cause of action. They are state law claims that might affect ERISA plans in a tenuous, remote and peripheral way. *Shaw v. Delta Airlines,* 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901 n. 21, 77 L.Ed.2d 490 (1983).

I do not believe it was the intention of Congress, in its quest for uniformity, to create a system through which health insurers are immunized from any and all state law claims, however, tenuously related to the plan itself. See *Shaw,* supra. ERISA preemption is not without limitation. Here the heart and scope of the complaint is a state breach of contract case.[1] The *Wright* case is very similar to the instant one whereas Dr. Peter LaFuria has at no time alleged or mentioned ERISA nor has he alleged facts which on their face bring the controversy under ERISA.

It is true that an assignee of benefits under ERISA is a "statutory beneficiary of the plan." *Decatur v. Connecticut Life,* 990 F.2d 925 (1993). But, the critical issue here is whether ERISA pre-empts this simple contract claim in the city court. The inescapable conclusion is that plaintiffs cause of action, is at best only remotely related to the employee benefit plan. The following language from the U.S. Supreme Court in *Mackey,* 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988) is appropriate:

> ERISA plans may be sued in a second type of civil action, as well. These cases— lawsuits against ERISA plans for run-of-the-mill state-law claims such as unpaid rent, failure to pay creditors, or even torts

committed by an ERISA plan—are relatively commonplace. Petitioners and the United States (appearing here as amicus curiae) concede that these suits, although obviously affecting and involving ERISA plans and their trustees, are not pre-empted by ERISA § 514(a).

### CONCLUSION

IT IS ORDERED, ADJUDGED AND DECREED that this suit be remanded to the City Court of Lake Charles, Louisiana, from which it was removed.

---

1. See *Wright v. Sterling Investors Life Ins. Co.,* 747 F.Supp. 653 (N.D.Ala.1990), wherein the court of the North District of Alabama determined that the mere conclusionary allegations by removing parties in notice of removal that a complaint involved application of ERISA did not create ERISA pre-emption.