855 F.Supp. 897 (1994)
METROPLEX INFUSION CARE, INC., Plaintiff,
v.
LONE STAR CONTAINER CORP., New World Services, Ltd., New World Claims Services, Ltd. and International Rehabilitation Associates, Inc., Defendants.
Civ. A. No. 3:CV-94-0327-P.
United States District Court, N.D. Texas, Dallas Division.
June 13, 1994.
*898 Marilyn K. Lahr, Dallas, TX, for plaintiff Metropolitan Infusion Care, Inc.
Robert H. Mow, Gregory S. Weiss, Hughes & Luce, Dallas, TX, for defendants New World Services, Ltd. and New World Claims Services, Ltd.
Douglas D. Haloftis, Dallas, TX, for defendant Lone Star Container Corp.
James L. Johnson, Dallas, TX, for defendant International Rehabilitation Associates, Inc.

ORDER DENYING MOTION TO REMAND
SOLIS, District Judge.
Now before the Court is Plaintiff's Motion for Remand and Brief in Support of Plaintiff's *899 Motion for Remand, filed March 18, 1994.

I. Background Facts
In 1992, Maria DeLeon was diagnosed with metastic renal cell cancer of the bone. At the time, she was an eligible beneficiary under a self-insured group medical plan provided by Defendant Lone Star Container Corporation ("Lone Star") to her husband, Raphael DeLeon. The Plan was administered by Defendants New World Services, Limited ("New World Services") and New World Claims Services, Limited ("New World Claims Services"). New World Claims Services had engaged Defendant International Rehabilitation Associates, Inc. (misidentified in the Original Petition as "Intracorp Medical Case Management") ("Intracorp") as its case management company.
Ms. DeLeon hired Plaintiff, Metroplex Infusion Care, Inc. ("Metroplex"), to administer a series of chemotherapy treatments by means of home infusion care beginning on May 2, 1992. Prior to initiating treatment, Metroplex contacted Lone Star to verify Ms. DeLeon's benefits and eligibility and was referred to New World Services. Metroplex alleges that New World Services confirmed coverage but referred Metroplex to Intracorp in order to negotiate the rates for the drugs and services to be provided Ms. DeLeon. Metroplex further asserts that New World and International agreed to pay the costs of Ms. DeLeon's treatment but subsequently made payment on only a portion of Metroplex' bill.
Metroplex filed the instant lawsuit against Defendants, alleging causes of action for breach of contract, fraud, and quantum meruit. Defendants thereafter removed this action on the basis that Plaintiff's state law claims are preempted by ERISA in that they must be treated as a claim for benefits under an ERISA-regulated plan over which this Court has federal question jurisdiction. 29 U.S.C. § 1144(a). Plaintiff responded by filing its motion to remand which the Court now considers.

II. Standards Applicable to Motion for Remand
A motion for remand lies where there is no diversity of citizenship, or the claim does not in fact "arise under" federal law. Such defects go to the court's subject matter jurisdiction and can be raised at any time. 28 U.S.C. § 1447(c); Fed.R.Civ.P. 12(h)(3); American Fire & Cas. Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Plaintiff's motion for remand effectively forces Defendants, the parties who invoked the federal court's removal jurisdiction, to prove whatever is necessary to support the existence of diversity or federal question jurisdiction. B., Inc. v. Miller Brewing Co., 663 F.2d 545 (5th Cir.1981).
Where the parties in a case are not diverse, removal normally is justified only if federal question jurisdiction is apparent from the plaintiff's petition. Gully v. First Nat'l Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 10, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). A narrow exception to the "well-pleaded complaint" rule, however, is created by the complete preemption doctrine, which permits federal courts to exercise jurisdiction over state law claims that have been completely preempted by Congress. Thus, federal courts may exercise removal jurisdiction over cases raising state law claims that are preempted by ERISA even though the petition does not on its face reflect the existence of any federal question. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). If, on the other hand, the plaintiff's state law causes of action are not subject to ERISA preemption, no federal question appears on the face of the plaintiff's complaint, and the federal court lacks jurisdiction over the case.

III. Discussion
ERISA's preemption clause specifies, in pertinent part, that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan."[1] ERISA *900 § 514(a), 29 U.S.C. § 1144(a); Christopher v. Mobil Oil Corp., 950 F.2d 1209, 1217 (5th Cir.1992), cert. denied, ___ U.S. ___, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Supreme Court has repeatedly stressed that this "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380, 2389, 85 L.Ed.2d 728 (1985). Any state law which has a connection with or reference to an employee benefit plan is generally preempted. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). However, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law `relates to' the plan." Id. at 100, 103 S.Ct. at 2901. Lawsuits against ERISA plans for "run-of-the-mill" state law claims, including certain tort actions, are therefore not preempted by ERISA, despite the fact that they plainly affect and involve employee benefit plans. See Mackey v. Lanier Collection Agency & Service, Inc., 486 U.S. 825, 833, 108 S.Ct. 2182, 2187, 100 L.Ed.2d 836 (1988).
As a general proposition, state common-law contract and tort claims that relate to an employee benefit plan and that are based upon laws of general application (that is, not specifically related to insurance, employee severance, or discrimination) are preempted by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Christopher v. Mobil Oil Corp., 950 F.2d 1209 (5th Cir.1992); Cefalu v. B.F. Goodrich Co., 871 F.2d 1290 (5th Cir.1989). ERISA's preemptive and civil enforcement provisions operate to "recharacterize" such claims into actions arising under federal law. Degan v. Ford Motor Company, 869 F.2d 889, 893 (5th Cir.1989). Thus, it is settled law that ERISA preempts state law claims brought by a plan participant or beneficiary alleging improper processing of a claim for plan benefits. Pilot Life, 481 U.S. at 48, 107 S.Ct. at 1553. Furthermore, because an assignee of benefits under ERISA is a statutory beneficiary of the plan, LaFuria v. Louisiana Health Service Indem. Co., 826 F.Supp. 1017, 1019 (W.D.La.1993), claims brought by a health care provider in its capacity as assignee of a beneficiary's ERISA plan rights are subject to ERISA preemption to the same extent as if they had been brought by the beneficiary.
Plaintiff, however, points out that it has initiated the instant action in its independent capacity, rather than as an assignee of Ms. DeLeon, the plan beneficiary. Plaintiff argues that this fact effectively takes its claims out of ERISA coverage and renders them ordinary, "run-of-the-mill" state law claims which do not give rise to federal jurisdiction. In support of its position, Plaintiff relies upon the Fifth Circuit's holding in Memorial Hosp. System v. Northbrook Life Ins. Co., 904 F.2d 236, 248-49 (5th Cir.1990). There, the court ruled that a health care provider's state law claim for negligent misrepresentation of insurance coverage was not subject to ERISA preemption because it did not directly affect the relationship between the traditional ERISA entities (namely, the employer, the plan and its fiduciaries, and the participants and beneficiaries).
The Court disagrees with Plaintiff's analysis. Memorial is distinguished from the case at bar in one critical respect, for it involved an action for misrepresentation regarding the existence of coverage, rather than merely its nature or extent. Id. at 246. Thus the Fifth Circuit pointed out that
Memorial neither seeks benefits from the plan nor claims that the plan acted improperly in processing and denying Memorial's claim. The claim is thus independent of the plan's actual obligations under the terms of the insurance policy and in no way seeks to modify those obligations.
Id. at 250. The court's primary intent in Memorial, therefore, was to allow the provider *901 a remedy where recovery under ERISA would not have been possible because ERISA coverage had been denied altogether. Brown Schools, Inc. v. Florida Power Corp., 806 F.Supp. 146, 150-51 (W.D.Tex.1992); accord, Hospice of Metro Denver, Inc. v. Group Health Ins. of Oklahoma, 944 F.2d 752 (10th Cir.1991); but see Cromwell v. Equicor-Equitable HCA Corp., 944 F.2d 1272 (6th Cir. 1991), cert. dism'd, ___ U.S. ___, 113 S.Ct. 2, 120 L.Ed.2d 931 (1992).
This case, in contrast, more closely resembles the factual circumstances of Hermann Hosp. v. MEBA Medical & Benefits Plan, 959 F.2d 569 (5th Cir.1992) ("Hermann II") in which the Fifth Circuit reaffirmed its prior ruling in Hermann Hosp. v. MEBA Medical & Benefits Plan, 845 F.2d 1286, 1291 (5th Cir.1988) ("Hermann I") that a third party medical provider's state law misrepresentation claims were indeed preempted under ERISA. The apparent contradiction between the Hermann cases and Memorial may be resolved in light of their underlying factual differences: whereas there was no ERISA coverage in Memorial, so that the hospital would have had no recourse under either ERISA or state law had its state law claims been preempted, in Hermann ERISA coverage did exist but had allegedly been improperly denied. Brown Schools, 806 F.Supp. at 150-51.
A number of district courts faced with the issue subsequent to the Hermann II decision have successfully reconciled the Hermann cases with the court's holding in Memorial by concluding that representations made to a health care provider regarding coverage "relate to" an ERISA plan for purposes of ERISA preemption if they concern the nature of the coverage under the plan, but not if they concern the availability of coverage. Oaks Psychiatric Hosp., Inc. v. American Heritage Life Ins. Co., 814 F.Supp. 553, 555 (W.D.Tex.1993); Forest Springs Hosp. v. Illinois New Car & Truck Dealers Ass'n Employees Ins. Trust, 812 F.Supp. 729, 732 (S.D.Tex.1993), citing Parkside Lutheran Hosp. v. R.G. Zeltner & Assoc., Inc., 788 F.Supp. 1002 (N.D.Ill.1992). This reasoning, moreover, is consistent with Congress' intent in passing ERISA, for allowing a third party provider to maintain state law claims which would otherwise be preempted under ERISA would permit the provider not only to expand the limited rights granted a plan beneficiary but also to circumvent the enforcement provisions of ERISA altogether simply by filing suit in state court under state law. Brown Schools, 806 F.Supp. at 149.
Metroplex has made no allegation that any Defendant ever denied the availability of coverage for Ms. DeLeon. Indeed, Metroplex admits that it received payments for services under the plan but seeks additional payment on the basis of Defendants' alleged representations regarding the extent of coverage and their subsequent processing of Metroplex' claims. Its state law claims therefore "relate to" the ERISA plan and are subject to preemption even though they were brought by Metroplex in its independent capacity. See Hermann II, 959 F.2d at 578. Plaintiff's causes of action are more than "run-of-the-mill" state law claims which fall outside of the scope of ERISA.
Because ERISA preempts Plaintiff's claims, this Court may properly exercise jurisdiction over them. Plaintiff's Motion for Remand must therefore be denied.

IV. Conclusion
IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand is hereby DENIED.
IT IS SO ORDERED.
NOTES
[1] "State law" is broadly defined in ERISA § 514(c)(1) as "all laws, decisions, rules, regulations, or other State action having the effect of law" and hence includes state common law. 29 U.S.C. § 1144(c)(1).