**Neal FOLEY and Associated Cardiovascular & Thoracic Surgeons, L.L.P., On Behalf of Themselves and All Others Similarly Situated Plaintiffs**

v.

**SOUTHWEST TEXAS HMO, INC., Humana HMO, Pacificare, Texas Health Network, Texas University Health Plan, Inc., Cigna Healthcare of Texas, Inc., Cigna Dental Health of Texas, Inc., and Cigna Behavioral Health, Inc., Defendants**

No. CIV.A. 1:01–CV–56.

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 31, 2001.

James Morris, Jr., Michael A. Havard, Mark Christopher Sparks, Provost & Umphrey, Beaumont, TX, for Plaintiffs.

John Barret Scott, Scott Yung, LLP, Dallas, TX, for Defendant Southwest Texas HMO.

Andrw Scott Hanen, Hanen Alexander Johnson & Spalding, Houston, TX, for Defendant Pacificare.

John Bruce Shely, Andrews Kurth Mayer Day Caldwell & Keeton, Houston, TX, for Defendant Aetha U.S. Healthcare.

Kevin Francis Lee, Jeff D. Otto, Austin, TX, for Defendant Texas University Health Plan.

Elizabeth D. Alvarado, Candice Eileen Sayre, Shannon Martin Finkelstein & Sayer, Houston, TX, Brian D. Boyle, Brian P. Brooks, O'Melveny & Myers, Washington, DC, for Cigna Defendants.

Lawrence L. Germer, Germer & Gertz, Beaumont, TX, for Defendant Humana HMO.

Olive Penelope Hobbs, McGinnis Lochridge & Kilgore, Austin, TX, for Defendant Humana Health Plan.

## MEMORANDUM OPINION AND ORDER

COBB, District Judge.

Before the court is the plaintiffs' motion to remand, and the court having reviewed the motion and the response on file is of the opinion that the motion be DENIED for the reasons set forth below.

### I. Factual Background

The plaintiffs originally filed their petition in Texas state court on January 5, 2001, asserting claims under the Texas Insurance Code and for unjust enrichment. The defendants timely removed this case to federal court on the basis of complete federal preemption under the Employment Retirement Income Security Act ("ERISA") and the Medicare Act.[1] The

---

1. Because the court finds ERISA preempts the plaintiffs' state law claims, the court will

plaintiffs then filed this motion to remand asking the court to reconsider its subject-matter jurisdiction and asserting that their claims only involve issues of state law.

The plaintiffs, Neal Foley and Associated Cardiovascular Surgeons, L.L.P., are Texas health care providers. While bringing suit on their own behalf, these plaintiffs also seek to have this suit certified as a class action with themselves representing similarly situated health care providers. The defendants are various managed health care insurers. The defendants contend that their plan memberships in the South Texas area include a substantial number of enrollees who receive their health insurance coverage through employer-sponsored benefit plans. The plaintiffs contend that they contracted with North American Medical Management ("NAMM"), a third party administrator, who contracted with the defendants to provide health care to the defendants' enrollees. Defendants deny that they have ever entered into contracts with either the plaintiffs or with NAMM to provide health care to their enrollees through NAMM.

The plaintiffs assert that they have provided services to the defendants or their enrollees through NAMM and have not been paid for these services since January 1, 2000. The plaintiffs looked to recoup payment for these services by filing suit in Texas state court under Texas Insurance Code Article 20A.18B(c)(1), which states:

> Not later than the 45th day after the date that the health maintenance organization receives a clean claim from a physician or provider, the health maintenance organization shall:
>
> (1) pay the total amount of the claim in accordance with the contract between the physician or provider and the health maintenance organization.

not discuss preemption under the Medicare

Vernon's Texas Code Annotated Art. 20A.18B(c)(1). The defendants removed the case to federal court contending that the plaintiffs' state law claims were completely preempted by ERISA and the Medicare Act. The plaintiffs then filed this motion to remand.

## II. Analysis

In their motion to remand, the plaintiffs argue that this court must remand this case to state court because it does not possess subject-matter jurisdiction over the case.

28 U.S.C. § 1441 allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1411. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). The plaintiff is the "master of the claim" and may avoid federal jurisdiction by "exclusive reliance on state law." *Id.*

In the removal context, the determination as to whether a cause of action presents a federal question, and therefore is subject to removal, also depends upon the allegations made on the face of the plaintiff's well-pleaded complaint. *Carpenter v. Wichita Falls Indep. School Dist.*, 44 F.3d 362, 366 (5th Cir.1995). A federal defense to a state law claim does not create removal jurisdiction. *Aaron v. National Union Fire Ins. Co.*, 876 F.2d 1157, 1161 (5th Cir.1989), cert. denied, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). A defendant may not remove

Act.

a case on the basis of an anticipated or even inevitable federal defense, but instead must show that a federal right is an essential element of the plaintiff's cause of action. *Gully v. First Nat'l Bank,* 299 U.S. 109, 111, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Carpenter,* 44 F.3d at 366. The removal statute is strictly construed "because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank v. Bear, Stearns & Co.,* 128 F.3d 919, 922 (5th Cir.1997).

An exception to the well-pleaded complaint rule exists where "Congress has so 'completely pre-empt[ed] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.' Such a niche has been carved out by Congress for claims for benefits brought by participants and beneficiaries of ERISA-regulated employee benefit plans." *Rodriguez v. Pacificare of Texas, Inc.,* 980 F.2d 1014, 1017 (5th Cir.1993). The application of complete preemption "converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Metropolitan Life Ins. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987).

■ ERISA's preemption clause specifies, in pertinent part, that the provisions of ERISA "supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), 29 U.S.C. § 1144(a); *Christopher v. Mobil Oil Corp.,* 950 F.2d 1209, 1217 (5th Cir.1992), cert. denied, 506 U.S. 820, 113 S.Ct. 68, 121 L.Ed.2d 35 (1992). The Supreme Court has repeatedly stressed that this "relate to" standard must be interpreted expansively, and that the words are to be given their "broad common-sense meaning." *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); *Metro-*

*politan Life Ins. Co. v. Massachusetts,* 471 U.S. 724, 739, 105 S.Ct. 2380, 85 L.Ed.2d 728 (1985). Any state law which has a connection with or reference to an employee benefit plan is generally preempted. *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). However, "[s]ome state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Id.* at 100 n. 21, 103 S.Ct. 2890. Lawsuits against ERISA plans for "run-of-the-mill" state law claims, including certain tort actions, are therefore not preempted by ERISA, despite the fact that they plainly affect and involve employee benefit plans. *See Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 833, 108 S.Ct. 2182, 100 L.Ed.2d 836 (1988).

In this case, the plaintiffs have asserted only state law claims; however these state law claims may be preempted by ERISA if the claims "relate to" an employee benefit plan. If ERISA preempts the plaintiffs' state law claims, this court may properly exercise jurisdiction over the case. On the other hand, if the plaintiffs' claims are merely "run-of-the-mill" state law claims that do not have a connection with or reference to an employee benefit plan, then this court must remand this case back to state court.

■ Fifth Circuit precedent establishes that ERISA preempts state law claims seeking "to recover benefits owed under [a] plan to a plan participant who has assigned her right to benefits to [her health care provider]." *Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Texas, Inc.,* 164 F.3d 952, 954 (5th Cir. 1999); *see also Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir.1990); *Oaks Psychiatric Hosp., Inc. v. Am. Heritage Life Ins. Co.,* 814 F.Supp. 553, 555–56 (W.D.Tex.1993).

The Fifth Circuit stated in *Memorial Hospital:* "As assignee, [the plaintiffs] stand[ ] in the shoes of [the defendants' enrollees] and may pursue only whatever rights [the enrollee] enjoyed under the terms of the plan. Such derivative claims involve the relationship among standard ERISA entities and clearly relate to the plan for preemption purposes." *Memorial Hosp.*, 904 F.2d at 250. Thus, an assignee is limited to the same remedies under ERISA as the plan participants or beneficiaries who originally assigned her rights under the plan to the assignee. To allow otherwise would provide the assignee with more rights than the assignor originally enjoyed and permit the "policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme to be completely undermined." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

■ The claims brought by the plaintiffs are not "run-of-the-mill" types of state law claims. The plaintiffs have failed to establish the existence of any independent contractual relationship between themselves and the defendants. As such, the plaintiffs can only recover from the defendants based on the plaintiffs' positions as assignees of the enrollees' benefits. Since a number of the defendants' enrollees are covered under employer-sponsored benefit plans, the plaintiffs'/assignees' attempts to recover payments allegedly owed them under these plans are deemed to relate to an ERISA plan and are preempted.[2] Because ERISA preempts these claims of the plaintiffs, this court may properly exercise jurisdiction over them.

The plaintiffs further contend, however, that remand of this case is proper because Texas Insurance Code Art. 20A.18B, upon which the plaintiffs predominantly base their right to recovery, is rescued from preemption as a statute that regulates insurance within the meaning of the ERISA savings clause, 29 U.S.C. § 1144(b)(2)(A). The savings clause of ERISA preserves the states' general right to regulate insurance. *Corporate Health Ins., Inc., v. Texas Dep't of Ins.*, 215 F.3d 526, 537 (5th Cir.2000). The Fifth Circuit has held that a provision regulating insurance is still preempted if it "conflict[s] with a substantive provision of ERISA." *Id.* at 538; *Ramirez v. Inter–Continental Hotels*, 890 F.2d 760, 763–64 (5th Cir.1989). "Thus, the savings clause does not operate if the state law at issue creates an alternative remedy for obtaining benefits under an ERISA plan." *Corporate Health*, 215 F.3d at 539.

As discussed previously, the plaintiffs seek to use Texas Insurance Code Article 20A.18B to recover payments they claim are due them for services provided by them to the defendants or the defendants' enrollees. If the plaintiffs are entitled to payment, it will be because of their position as assignees of benefits owed under employee-sponsored benefit plans that are governed by ERISA. The plaintiffs, therefore, seek to recover under the Texas Insurance Code as an alternative mode to ERISA's civil enforcement provisions. The savings clause may not be used to circumvent the remedy framework established by Congress under ERISA. Accordingly, the plaintiffs' motion to remand must be DENIED. It is, therefore,

ORDERED, that the plaintiffs' motion to remand is hereby DENIED.

### III. Class Certification

The plaintiffs have also sought to certify this suit as a class action. While the plain-

---

**2.** For matters of jurisdiction, the defendants need not prove the existence of an assignment, rather a colorable claim of an assignment will suffice. *See Kennedy v. Connecticut General Life Ins., Co.*, 924 F.2d 698, 700 (7th Cir.1991).

tiffs suit may satisfy the numerosity requirement of Fed. R. Civ. Pro. 23(a)(1), the plaintiffs have failed to establish the remaining three requirements of Rule 23: commonality, typicality, and adequate representation. At this point in time, the court has not been favored with copies of the benefit plans, reasons for delays in payment, or reasons for the denial of payments. Thus, the court is unable to ascertain whether the plaintiffs' claims are common to and typical of the parties they seek to represent, nor is the court able to make an informed judgment as to the plaintiffs' ability to adequately represent the class. At this time, the plaintiff's request for class certification must be DENIED.

It is so ORDERED.