**HERMANN HOSPITAL, Plaintiff,**

v.

**THE CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND, Defendant.**

**Civil Action No. 95–5158.**

United States District Court, S.D. Texas, Houston Division.

April 15, 1997.

---

Stephen H. Touchy, Sullins Johnston Rohrbach & Magers, Houston, for Plaintiff.

Francis J. Carey, Rosemont, IL, John E. Neslage, Baker & Botts, Houston, for Defendant.

## ORDER

HITTNER, District Judge.

Pending before the Court is the Motion for Summary Judgment (Document # 24) filed by Defendant. Having considered the motion, the submissions on file, and the applicable law, the Court determines that the motion should be granted.

Defendant is a trust fund that provides health benefits for employees in the Teamster industry. In August, 1994, Ann Forson, a participant in Defendant's plan, appeared at Plaintiff's emergency room, suffering from respiratory distress syndrome. Plaintiff admitted Forson and subsequently contacted Defendant to verify Forson's health insurance. According to Plaintiff, Defendant informed Plaintiff that Forson was covered by Defendant's plan and that there were no maximum limits on Forson's coverage. On

September 2, 1994, Forson was discharged from the hospital, and shortly thereafter, Plaintiff submitted Forson's medical bills to Defendant for payment. Defendant paid a portion of Forson's medical bills but refused to pay the entire amount based upon a $100,-000 yearly maximum limit on Forson's medical benefits.

Before filing this suit, Plaintiff appealed to Defendant's trustees, in accordance with Defendant's mandatory administrative review process, requesting additional payments for the treatment of Forson. The trustees denied Plaintiff's appeal, and Plaintiff subsequently filed this suit in state court, alleging that Defendant negligently misrepresented the extent of Forson's health coverage and that Plaintiff relied to its detriment on Defendant's misrepresentation. Defendant removed the case to this Court and now moves for summary judgment on the grounds that Plaintiff's negligent misrepresentation claim is preempted by the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461, ("ERISA") and that Defendant is entitled to judgment as a matter of law under ERISA.

### The Existence of an ERISA Plan

A necessary requirement for ERISA preemption to occur is the existence of an ERISA plan. See 29 U.S.C. § 1144(a); *Weaver v. Employers Underwriters, Inc.*, 13 F.3d 172, 176 n. 9 (5th Cir.), *cert. denied*, 511 U.S. 1129, 114 S.Ct. 2137, 128 L.Ed.2d 866 (1994). Therefore, the first question for the Court is whether Defendant's plan constitutes an ERISA plan.

An ERISA plan is any employee welfare benefit plan that is

established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment. . . .

29 U.S.C. § 1002(1). The plan at issue in this case has already been found by the United States Supreme Court to be an ERISA plan. *See Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 561–62, 105 S.Ct. 2833, 2835–36, 86 L.Ed.2d 447 (1985). In addition, Plaintiff has provided no summary judgment evidence in support of its assertion that Defendant's plan is not an ERISA plan. Accordingly, the Court finds that the plan at issue is indeed an ERISA plan and moves on to the preemption issue.

### Preemption of Plaintiff's State Law Claim

With limited exceptions, ERISA preempts all state law claims that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The issue in this case, therefore, is whether Plaintiff's negligent misrepresentation claim, based on Defendant's alleged misrepresentation as to Forson's health benefits, "relates to" Defendant's ERISA plan.

The Fifth Circuit has addressed on several occasions, with somewhat conflicting results, the issue of whether ERISA preemption applies to a health care provider's state law claims based on an ERISA plan's alleged misrepresentations as to coverage. *See Hermann Hosp. v. MEBA Med. & Benefits Plan*, 959 F.2d 569, 576–79 (5th Cir.1992) ("*Hermann II*"); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 243–50 (5th Cir.1990); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290–91 (5th Cir.1988) ("*Hermann I*").

In *Hermann I*, the hospital brought suit against an ERISA plan for delaying approval or denial of a claim for two years after the plan had represented to the hospital, at the time that the patient was admitted to the hospital, that the patient was covered by the plan. *See Hermann*, 845 F.2d at 1287. The court held that the hospital's state law claims for breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud "related to" the ERISA plan and were therefore preempted. *See id.* at 1290. In so holding, the court rejected the hospital's argument that preemption should not apply to claims brought by a party not enumerated

under ERISA,[1] noting that "[a]dopting Hermann's position would allow parties that lacked standing to sue under ERISA to circumvent its enforcement provisions by filing suit in state courts under state law" and would thereby potentially allow such parties to obtain advantages denied to enumerated parties. *Id.*

In a similar case decided after *Hermann I,* however, the Fifth Circuit held that a hospital's state law claim against an ERISA plan for violation of the Texas Insurance Code was not preempted by ERISA. *See Memorial,* 904 F.2d at 250. In *Memorial,* the hospital admitted and treated a patient after verifying coverage with an ERISA plan. *See id.* at 238. When the hospital requested payment from the plan, however, the plan refused to pay on the ground that the patient was not in fact eligible for benefits on the date of her hospitalization. *See id.* The hospital then brought suit against the plan for violations of the Texas Insurance Code, breach of contract, negligent misrepresentation, and equitable estoppel. *See id.* The district court found that the breach of contract and Texas Insurance Code claims were preempted by ERISA, and the hospital appealed this finding. *See id.* at 239.

On the preemption issue, the Fifth Circuit found that the hospital's breach of contract claim was preempted because it was asserted by the hospital as an assignee of the patient. *See id.* at 250. With regard to the Texas Insurance Code claim, however, the court noted that the hospital had brought the claim, not as an assignee, but in its independent status as a third-party health care provider. *See id.* The court further found that, because the patient was not covered by the ERISA plan, the hospital's claim was independent of the plan's obligations under the insurance policy and was consequently not preempted by ERISA. *See id.* at 250.

After its decision in *Memorial,* the Fifth Circuit had occasion to revisit its *Hermann I* holding in *Hermann II. See Hermann,* 959 F.2d at 576–79. In *Hermann II,* the hospital, relying on *Memorial,* argued that its state law claims were not preempted by ERISA because it was bringing those claims, not as an assignee of the patient, but as an independent health care provider. *See id.* at 577–78. The court, however, stood by its previous decision that the hospital's state law claims were preempted, declaring that "ERISA preempted Hermann's state law claims irrespective of whether Hermann brought those claims as an enumerated party ... or in another capacity." *Id.* at 578.

The decisions in *Hermann I, Memorial,* and *Hermann II* appear to be at least somewhat in conflict. In this case, Plaintiff relies heavily on *Memorial* to support its argument that its negligent misrepresentation claim is not preempted by ERISA. Defendant, however, contends that the facts of this case are more similar to those of *Hermann I* and *Hermann II* than to those of Memorial and that this case is therefore controlled by the *Hermann* decisions.

The district courts that have addressed misrepresentation claims by a health care provider against an ERISA plan have attempted to reconcile *Hermann I* and *Hermann II* with *Memorial* by focusing on whether the alleged misrepresentation concerned the existence of coverage or merely the extent of the coverage available. *See Metroplex Infusion Care, Inc. v. Lone Star Container Corp.,* 855 F.Supp. 897, 900–01 (N.D.Tex.1994); *Oaks Psychiatric Hosp., Inc. v. American Heritage Life Ins. Co.,* 814 F.Supp. 553, 555–56 (W.D.Tex.1993); *Brown Schools Inc. v. Florida Power Corp.,* 806 F.Supp. 146, 150–51 (W.D.Tex.1992).

In *Metroplex,* for example, the District Court for the Northern District of Texas noted that *Memorial* involved "an action for misrepresentation regarding the existence of coverage, rather than merely its nature or extent." *Metroplex,* 855 F.Supp. at 900. The court reasoned, therefore, that the Fifth Circuit's primary intent in Memorial was to provide the hospital with a remedy in a situation in which recovery under ERISA was precluded by the fact that ERISA coverage had been denied altogether. *See id.* at 900–01. Likewise, in *Brown,* the District Court

---

1. ERISA specifically enumerates those parties empowered to bring a civil action under the Act and does not include health care providers in the list. *See* 29 U.S.C. § 1132(a).

for the Western District of Texas held that the goal of Memorial would not be furthered by applying its holding to a case in which the plaintiff could pursue recovery as an assignee under an ERISA plan that provided "at least some coverage." *Brown,* 806 F.Supp. at 151; *accord Oaks,* 814 F.Supp. at 555–56.

■■■ This Court agrees with the district courts cited above that the correct interpretation of the relevant Fifth Circuit case law is one that requires drawing a distinction between cases in which the existence of coverage is in dispute and those in which the dispute is merely over the extent of coverage.[2] In a situation in which the patient has no coverage at all, a hospital's misrepresentation claim against an ERISA plan cannot "relate to" the plan because the patient, and therefore the hospital, has no connection to the plan beyond the alleged misrepresentation. When the patient does have at least some coverage, however, the connection with the plan is present, and to allow the hospital to pursue its state law claims would permit the hospital to expand the limited rights granted to the plan beneficiary and thereby defeat the purposes of ERISA altogether. *See Brown,* 806 F.Supp. at 150.

■■■ In this case, the dispute is over the extent, rather than the existence, of coverage. It is undisputed between the parties that Ann Forson was covered by Defendant's plan at the time that Plaintiff admitted and treated her; indeed, Defendant paid a portion of Forson's medical bills in accordance with the terms of the plan. Instead, the parties disagree as to the extent to which Defendant should be held liable for Forson's expenses. Defendant contends that the $100,000 yearly maximum limit on Forson's benefits cuts off its liability once that amount has been reached. Plaintiff, on the other hand, contends that when Defendant represented to Plaintiff that there were no limits on Forson's coverage and Plaintiff relied on that representation, Defendant became liable for the full amount of Forson's medical ex-

penses. This Court finds this to be a dispute as to the extent of coverage and therefore to be governed by *Hermann I* and *Hermann II* rather than by *Memorial.* Accordingly, Plaintiff's state law claim for negligent misrepresentation "relates to" an employee benefit plan and is preempted by ERISA.

## Recharacterization of Plaintiff's Claim

■■■ In addition to preempting state law claims, ERISA's preemptive and civil enforcement provisions operate to recharacterize such claims into actions arising under federal law. *See Degan v. Ford Motor Co.,* 869 F.2d 889, 893 (5th Cir.1989). In this case, therefore, Plaintiff's negligent misrepresentation claim may be recharacterized as an ERISA civil enforcement claim for benefits brought by an assignee of a plan beneficiary.

Defendant acknowledges that Plaintiff's claim may be recharacterized as an ERISA claim but moves for summary judgment on that claim on the grounds that this Court must apply a deferential standard of review to the denial of Plaintiff's administrative appeal and that, under that standard of review, there is no basis for overturning the administrative decision.

■■■ When a plan gives its trustees the express authority to determine questions of eligibility for benefits, a court must review the plan's decisions under an abuse of discretion standard. *See James v. Louisiana Laborers Health & Welfare Fund,* 29 F.3d 1029, 1032 (5th Cir.1994). In this case, Defendant's trustees are given complete discretion with regard to resolving questions or controversies as to eligibility, and a deferential standard of review is therefore appropriate. Plaintiff, however, has provided no evidence that Defendant's trustees abused their discretion in denying Plaintiff's administrative appeal. Accordingly, summary judgment must be granted in favor of Defendant on Plaintiff's ERISA claim.

2. Plaintiff disagrees with this interpretation and insists that the distinction to be drawn is one between cases in which the health care provider's claims derive from the provider's status as an assignee of the patient and those in which the health care provider is asserting claims in its status as an independent third party. This Court is unpersuaded by Plaintiff's argument, however, in light of the Fifth Circuit's decision in *Hermann II* that the hospital's claims were preempted irrespective of the capacity in which they were brought. *See Hermann,* 959 F.2d at 578.

Based on the foregoing, the Court

ORDERS that the Motion for Summary Judgment (Document # 24) is GRANTED.