Camilla Harris **HAYNES**, Appellant,

v.

Alice **HAYNES** and Metropolitan Life Insurance Company, Appellees.

No. 14–03–00462–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 15, 2005.

Rehearing Overruled Oct. 20, 2005.

---

Isaac E. Henderson, Houston, for appellant.

Betsy Lynn Grubbs, L.T. Bradt, Houston, Linda G. Moore, Dallas, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this life insurance proceeds dispute, Camilla Harris Haynes ("Camilla") appeals a judgment entered for Alice Haynes ("Alice") on various grounds. We affirm as modified.

### Background

Jimmy Haynes ("Jimmy") died in 2001 while employed by Texaco Oil Company ("Texaco"). His employee benefits with Texaco included a life insurance policy (the "policy") issued by Metropolitan Life Insurance Company ("Met Life") for which he had designated his mother, Alice, beneficiary. Both Alice and Jimmy's wife, Camilla, thereafter claimed an interest in the policy proceeds, leading to this lawsuit between them and Met Life. As relevant to this appeal, the trial court ultimately entered judgment awarding Alice the policy proceeds, actual and exemplary damages for tortious interference with contract, and attorney's fees.

### Preemption

Camilla's seventh issue [1] contends that all of Alice's claims should be dismissed

1. Because the seventh issue is largely disposi-    tive of the appeal, we address it first.

because they are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA").[2] There is no dispute in this case that the policy is part of an employee benefit plan to which ERISA applies.

■ State and federal courts have concurrent jurisdiction over actions by a beneficiary to: (1) recover benefits due under an ERISA plan; (2) enforce rights under the plan; or (3) clarify rights to future benefits. 29 U.S.C.A. § 1132(a)(1)(b), (e) (West 1999); *Gorman v. Life Ins. Co. of N. Am.*, 811 S.W.2d 542, 545 (Tex.1991). To the extent a state court has subject matter jurisdiction over such an action, ERISA preemption is an affirmative defense affecting only the law to be applied (not the trial court's jurisdiction) and is waived if not asserted. *Gorman*, 811 S.W.2d at 546.

■ Conversely, a beneficiary's state-law claim that "relates to" an ERISA plan but does not fall into one of the three foregoing categories is within the exclusive jurisdiction of the federal courts, and the resulting ERISA preemption deprives a state court of jurisdiction over the claim. *Id.* at 547. To determine whether a state-law claim has the forbidden connection to ERISA, we look to both the objectives of ERISA and the effect of the asserted state law on ERISA plans. *Egelhoff v. Egelhoff*, 532 U.S. 141, 147, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001). Among these objectives are to provide a comprehensive

uniform scheme that enables claims to be processed and benefits to be disbursed strictly by reference to what is provided in plan documents to ensure fair and prompt enforcement of rights with minimum administrative and financial burden and delay. *See id.* at 147–48, 121 S.Ct. 1322. In addition, because the scheme is deemed to be comprehensive with regard to the remedies provided and excluded, any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the Congressional intent to make the ERISA remedy exclusive and is preempted. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). Therefore, to the extent a state-law action is directed at rectifying a wrongful denial of benefits under an ERISA plan (as contrasted from a violation of a legal duty arising independently of ERISA), but provides remedies not available under ERISA,[3] it is completely preempted. *Id.* at 2497–99.[4]

■ In this case, Alice's claim for the life insurance proceeds sought to recover benefits due under an ERISA plan in accordance with the terms of the plan. Therefore, the trial court had jurisdiction to decide that claim, and Camilla's contention that this claim should be dismissed by reason of preemption is overruled.[5]

■ On the other hand, Alice's tortious interference claim alleged that, by asserting a baseless community property interest in the policy proceeds, Camilla

---

2. *See* 29 U.S.C.A. §§ 1001–1461 (West 1999 & Supp.2005).

3. *Cathey v. Metro. Life Ins. Co.*, 805 S.W.2d 387, 390–91 (Tex.1991).

4. *See also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (holding that an employee's claim for wrongful discharge based on the employer's desire to avoid contributing to, or paying benefits under, the employee's pension fund is preempted by ERISA, even though the claims are asserted under tort theories (not ERISA)

and seek damages only in the form of lost wages, mental anguish, and punitive damages (not benefits under the plan)); *Cathey*, 805 S.W.2d at 391–92 (holding that causes of action asserted under the Texas Insurance Code and Deceptive Trade Practices Act were preempted by ERISA because they sought remedies that were not provided by ERISA's civil enforcement provisions for benefits that were denied pursuant to the terms of their ERISA plan).

5. Camilla does not assert preemption to challenge the law applied to this claim.

prevented or delayed Alice's receipt of the policy proceeds. One of the two compensatory damage elements submitted in the jury charge was the difference between the amount of policy proceeds Alice would have received (*i.e.*, without the interference) and that which she was to actually receive.[6] Because this portion of the tortious interference claim: (1) was directed at rectifying an alleged denial of benefits due under the policy; (2) sought to decide the claim based on state (tort) law rather than the terms of the plan or ERISA; and (3) sought state law compensatory and exemplary damage remedies against Camilla that are not provided by ERISA, this claim was preempted by ERISA, and the trial court had no jurisdiction to determine it. Therefore, we sustain Camilla's challenge to this portion of the compensatory tortious interference award and the entire exemplary tortious interference award based on preemption.

### Funeral Expenses

■ The second element of compensatory damage submitted in the jury charge for tortious interference was the amount of burial expenses Alice would have to pay the funeral home out of the proceeds of the policy (because she had made an assignment of the proceeds to do so). The sole basis for this claim was the allegation that Camilla had promised to pay this expense, but had not done so. Because this damage element was not to recover or replace benefits under the plan and because it was based on the violation of a legal duty independent of ERISA, it is not preempted by ERISA.

■ However, Camilla's fourth issue challenges the sufficiency of the evidence to prove that any loss Alice might have

suffered in this regard was caused by Camilla's alleged interference with the policy. Alice has cited, and we have found, no evidence making any causal connection between Camilla's assertion of community property or other rights in the policy and Alice's obligation to pay the burial expenses. Therefore, we sustain Camilla's legal sufficiency challenge to this element of damage.

### Attorney's Fees

Camilla's sixth issue contends that Alice was not entitled to recover attorney's fees as a matter of law because attorney's fees are not recoverable on tort claims generally or under ERISA[7] because: (1) there is no relationship between Alice's tort claim and furtherance of ERISA policy; and (2) this case did not meet the criteria for recovery under section 1132(g).

However, Camilla fails to demonstrate that the attorney's fees were awarded in conjunction with the tort recovery, rather than the award of benefits from the partial summary judgment. To the extent the attorney's fees pertained to the award of policy proceeds (pursuant to ERISA), there is no requirement of a relationship between Alice's tort claim (which we have concluded is preempted) and furtherance of ERISA policy. Moreover, Camilla's conclusory contention that the case failed to meet the criteria for an award of attorney's fees under ERISA is wholly unsupported by analysis, citations to the evidence, or otherwise to demonstrate a legal or factual insufficiency of the evidence to support the award. Therefore, Camilla's sixth issue is without merit and is overruled.

### Partial Summary Judgment

■ Camilla's eighth issue challenges the partial summary judgment (awarding

---

6. This consisted of a $2000 payment Alice made to Met Life to settle its counterclaims against her in this suit.

7. *See* 29 U.S.C.A. § 1132(g) (West 1999) (giving trial court discretion to award reasonable

attorney's fees and costs to either party in any action by a participant, beneficiary, or fiduciary under subchapter I of ERISA).

Alice the policy proceeds) on the ground that it was granted over her objections to the hearsay affidavit of Andrew Haynes and other inadmissible evidence. However, Camilla's brief fails to specify which portions of Andrew Haynes's affidavit were hearsay, why those portions were hearsay, and how those portions were essential to the trial court's summary judgment decision. *See* TEX.R.APP. P. 38.1(h).[8] Under these circumstances, Camilla's eighth issue affords no basis for relief and is overruled.

Accordingly, we: (1) reverse the portion of the trial court's judgment awarding actual damages (other than funeral expenses) and punitive damages for tortious interference and order that claim dismissed for lack of jurisdiction; (2) reverse the judgment to the extent any remaining damages awarded for tortious interference were for funeral expenses and render judgment that Alice take nothing on that claim; and (3) affirm the remainder of the judgment.

8. Although Camilla's brief refers to the objections she filed to Haynes's affidavit, those objections refer globally to five entire paragraphs of the affidavit and merely assert in a conclusory manner that the testimony in those paragraphs is hearsay and fail to include facts showing Haynes's competence to offer the evidence and establish the proper predicate for the testimony. In addition, the objections assume reliance on the affidavit because it is the only summary judgment evidence offered despite that the policy terms are undisputed.